UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| LAKESHA NORINGTON, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | CAUSE NO.: 3:12-CV-517-TLS |
| SUPERINTENDENT, Westville Correctional Facility, | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

The Petitioner, Lakesha Norington, a prisoner confined at the Westville Correctional Facility, submitted a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 1], alleging that she was denied due process in connection with a prison disciplinary hearing. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, this Court is obligated to review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* Rule 4 provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit.

When prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action. *See Wolff v. McDonnell*, 418 U.S. 539 (1974). There must also be "some evidence" to support the decision of the prison disciplinary board. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

The Petitioner asserts in her Petition that she was denied due process in the disciplinary proceeding in which she was charged with breaking a window. According to the Petition, the disciplinary hearing officer sanctioned the Petitioner by imposing a $175.00 restitution award. (Petition 1, ECF No. 1.) The Petitioner has attached a copy of the report of disciplinary hearing, which confirms that the only sanction imposed by the disciplinary hearing officer was a restitution award. (Report, ECF No. 1-1 at 11.)

The Petitioner's claim that she was denied due process in a disciplinary action is cognizable under § 2254 if she lost earned credit time or was demoted to a lower credit time earning classification. The Fourteenth Amendment's due process clause provides state prisoners a liberty interest in good time credits, and they cannot be deprived of good time credits without due process. *Wolff*, 418 U.S. at 557. Because the loss of good time credits increases the duration of a prisoner's confinement, habeas corpus is the appropriate remedy for a prisoner who has been deprived of good time credits or demoted in good time credit earning classification. *Harris v. Duckworth*, 909 F.2d 1057, 1058 (7th Cir. 1990).

The Petition and its attachments establish that the hearing officer did not impose a loss of credit time on the Petitioner. The only sanction imposed was monetary restitution, and the Fourteenth Amendment's due process clause does not provide prisoners due process protections from sanctions, such as restitution, that do not affect the duration of their confinement. *Sandin v. Conner*, 515 U.S. 472, 487 (1995) (distinguishing between prison disciplinary sanctions that will inevitably affect the duration of the inmate's sentence and disciplinary sanctions, such as placement in disciplinary segregation, that do not affect the duration of sentence). "Section 2254 is the appropriate remedy only when the prisoner attacks the fact or duration of custody."

*Sylvester v. Hanks*, 140 F.3d 713, 714 (7th Cir. 1998) (quotation marks omitted).

Because the Petitioner is not under any sanction that affects the duration of her sentence, she is not suffering from a sanction as a result of this disciplinary action that is actionable under 28 U.S.C. § 2254. The Petitioner's request for a writ of habeas corpus must, therefore, be denied on its face based on Rule 4 of the Rules Governing Section 2254 Cases, which allows for the dismissal of a petition because it plainly appears from the face of the petition and its attachments that a petitioner is not entitled to relief. *Dellenbach v. Hanks*, 76 F.3d 820, 823 (7th Cir. 1996) ("[T]he circumstances make [the petitioner]'s charges so improbable that the district judge was justified in dismissing the petition under Rule 4").

For the foregoing reasons, the Court DISMISSES the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 1] pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

SO ORDERED on October 1, 2012.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION